39 F.3d 1178
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Mandana SOBHANI; Manijeh Sobhani, Petitioners,
v.
U.S. IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 93-2137.
 United States Court of Appeals, Fourth Circuit.
 Argued Sept. 29, 1994.
Decided Oct. 25, 1994.
 
 On Petition for Review of an Order of the Immigration and Naturalization Service. (A71-875-535, Asj-hdm-ufz)
 William Peter Van Wyke, Law Office of Thomas A. Elliot, Washington, D.C., for petitioners.
 William Campbell Erb, Jr., Office of Immigration Litigation, Civil Division, U.S. Dept. of Justice, Washington, D.C., for respondent.
 On Brief: Roberta Freedman, Pederson & Freedman, Washington, D.C., for petitioners.
 Frank W. Hunger, Asst. Atty. Gen., Richard M. Evans, Asst. Dir., Ellen Sue Shapiro, Office of Immigration Litigation, Civil Division, U.S. Dept. of Justice, Washington, D.C., for respondent.
 I.N.S.
 AFFIRMED.
 Before POWELL, Associate Justice (Retired), United States Supreme Court, sitting by designation, and MURNAGHAN and WILKINSON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 The Board of Immigration Appeals ("BIA") rejected the asylum application of Mandana and Manijeh Sobhani. We affirm.
 
 
 2
 * Mandana and Manijeh Sobhani are sisters aged 29 and 32, respectively. They are citizens of Iran. Both sisters are married; their husbands are legal residents of the United States.
 
 
 3
 On March 24, 1992, the Sobhanis were apprehended near Derby Line, Vermont, having illegally entered the United States from Canada. When the government commenced deportation proceedings, the sisters applied for asylum pursuant to Sec. 208(a) of the Immigration and Nationality Act, 8 U.S.C. Sec. 1158(a). They claimed that they were entitled to remain in this country because of religious persecution in Iran.[1] Specifically, they alleged that they have been subjected to past persecution, and that they have a well-founded fear of future persecution, because of their association with family members who ascribe to the Baha'i faith.
 
 
 4
 On December 14, 1992, the Sobhanis appeared before an immigration judge for a deportation hearing. The sisters conceded their deportability but argued that they were entitled to asylum or withholding of deportation. After hearing testimony and receiving documentary evidence, the immigration judge ruled that the Sobhanis had failed to establish eligibility for asylum.[2] He ordered that they leave the United States voluntarily within thirty days or face an order of deportation.
 
 
 5
 The Sobhanis noticed an appeal to the BIA but did not file any briefs. In a per curiam opinion dated June 9, 1993, the BIA upheld the immigration judge's decision "for the reasons stated by the immigration judge." The sisters petitioned this court for review of the BIA's decision.
 
 II
 
 6
 Section 208(a) of the Immigration and Nationality Act vests the Attorney General with discretion to confer asylum on any person who qualifies as a "refugee." 8 U.S.C. Sec. 1158(a) (1988). The statute defines a "refugee" as anyone unwilling or unable to return to his or her native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. Sec. 1101(a)(42)(A) (1988); see also M.A. v. INS, 899 F.2d 304, 307 (4th Cir.1990) (en banc). An applicant can establish refugee status "either because he has suffered actual past persecution or because he has a well-founded fear of future persecution." 8 C.F.R. Sec. 208.13(b) (1994). An asylum applicant bears the burden of proving that he or she is a refugee. 8 C.F.R. Sec. 208.13(a) (1994); see also Berroteran-Melendez v. INS, 955 F.2d 1251, 1255-56 (9th Cir.1992).
 
 
 7
 In this case, the BIA's finding that the Sobhanis are not refugees must be upheld if supported by "reasonable, substantial, and probative evidence on the record considered as a whole." 8 U.S.C. Sec. 1105a(a)(4) (1988). It may be reversed only if, in light of the evidence in the record, "a reasonable fact finder would have to conclude" that refugee status is warranted. INS v. Elias-Zacarias, 112 S.Ct. 812, 815 (1992).
 
 III
 
 8
 The Sobhanis argue that this case should be remanded because the immigration judge applied an incorrect legal standard. We disagree. In his oral decision, the judge articulated the applicable legal standard and applied it to the facts that had been introduced before him. He concluded that the sisters had failed to establish either past persecution, or a well-founded fear of future persecution, on account of religion.
 
 IV
 
 9
 The Sobhanis also contend that the BIA's ruling is not supported by substantial evidence. Their position is substantially undercut, however, by the immigration judge's finding that they are not adherents of the Baha'i faith. This finding is amply supported by the evidence.[3]
 
 
 10
 Moreover, the administrative record contains a letter from the State Department, submitted pursuant to 8 C.F.R. Sec. 208.11 (1994), that tends to refute the Sobhanis' "persecution-by-association" argument in the circumstances of this case. The letter states, in relevant part, as follows:
 
 
 11
 Contrary to the assertions made by the applicant, however, we are aware of no pattern of action by the regime against Iranians simply because they are related to Baha'i's. According to our information, the Islamic regime is fully aware of the fact that an individual must actively seek Baha'i membership, and that membership in the faith is not automatic simply because a person's mother, father, or other close relative is a practicing Baha'i member.
 
 
 12
 At the hearing, the Sobhanis did not challenge this letter.
 
 
 13
 In light of their position as non-members of the Baha'i faith, along with the uncontradicted State Department letter, we find it difficult to understand how the Sobhani sisters could have been subjected to past persecution, or could reasonably fear future persecution, "on account of" their religion. See 8 U.S.C. Sec. 1101(a)(42)(A); Huaman-Cornelio v. Board of Immigration Appeals, 979 F.2d 995, 999 (4th Cir.1992) ("well-founded" fear of future persecution must be objectively reasonable and must be rooted in "specific, concrete facts"). We express no opinion on whether a "persecution-by-association" theory could support a finding of refugee status in other factual contexts.
 
 
 14
 Moreover, the record evidence of the sisters' past persecution--whatever the motivation--is equivocal at best. The record indicates that some of the sisters' family members, who are members of the Baha'i faith, did suffer religious persecution. An uncle, for example, was tortured and killed; their father's business was confiscated; the family's house was searched. But the record does not show that the sisters endured comparable mistreatment. There is no evidence that they were ever arrested, injured, or threatened while living in Iran. Manijeh testified that she was questioned on one occasion and was unable to attend the university or work. But she admitted that women generally have a difficult time gaining admission to Iranian universities unless they are politically well-connected. And Mandana's asylum application indicates that she was able to work (as a beautician at a beauty salon) until she left Iran in December 1991. The sisters were issued passports and were permitted to leave Iran.
 
 
 15
 After careful review, we conclude that the record does not compel the conclusion that the sisters suffered persecution on account of their religion. Elias-Zacarias, 112 S.Ct. at 815. Accordingly, and in light of the other evidence in the administrative record, the BIA's ruling must be sustained.
 
 V
 
 16
 For the reasons stated, the order of the Board of Immigration Appeals is
 
 
 17
 AFFIRMED.
 
 
 
 [1]
 Initially, the Sobhanis also alleged persecution on account of political opinion. They did not pursue that allegation
 
 
 [2]
 He also ruled that they were not entitled to withholding of deportation under 8 U.S.C. Sec. 1253(h). This ruling is not challenged on appeal
 
 
 [3]
 A formal declaration is required to obtain membership in the Baha'i religion. At the deportation hearing, Manijeh Sobhani testified that she had affirmatively decided, with the support of her parents, not to declare herself a Baha'i adherent. Mandana likewise acknowledged that she had not gone through the procedures to become a member of the faith. Neither of the sisters produced bona fide membership cards for the Baha'i faith, or any other evidence to corroborate their asserted status as Baha'i believers